HAGEDORN, J. (concurring).
*696 ¶ 26 I agree with the Majority's basic analysis. I write separately to offer my read of when the thirty-day clock starts to tick under WIS. STAT. ch. 68-a reading, I emphasize, briefing in a future case may need to refine. In any event, I concur that Zelman timely filed her amended complaint.
¶ 27 WISCONSIN STAT. § 68.13(1) grants the right to judicial review to "[a]ny party to a proceeding resulting in a final determination." A party seeking certiorari review under this section must do so "within 30 days of receipt of the final determination." Id. Thus, as the Majority explains, the critical issue here is what constitutes a "final determination." The statutes seem to answer this question.
¶ 28 Working backwards from WIS. STAT. § 68.13(1), WIS. STAT. § 68.12 tells us what a "final determination" is (the title of the section is "Final determination"). Section 68.12(1) indicates that a mailed or delivered written determination following a "hearing conducted under [ WIS. STAT. §] 68.11" constitutes a final determination. Subsection (2) states, "A determination following a hearing substantially meeting the requirements of [§] 68.11 or a decision on review under [ WIS. STAT. §] 68.09 following such hearing shall also be a final determination." Therefore, WIS. STAT. ch. 68 provides two kinds of proceedings that will result in a "final determination" and therefore be subject to judicial review. First, a "person aggrieved"[1] may file an administrative appeal and obtain a hearing *231 under WIS. STAT. §§ 68.10 and 68.11 (or one substantially meeting those requirements). Alternatively, a *697 person aggrieved may request review of the municipal determination under WIS. STAT. §§ 68.08 and 68.09.
¶ 29 The parties (and the Majority) appear to agree that we are not operating under WIS. STAT. § 68.11. Majority, ¶ 14 n.4. By process of elimination, and consistent with the representations of the parties, Zelman must have proceeded under WIS. STAT. §§ 68.08 and 68.09.
¶ 30 The question, then, is what constitutes a final determination after review under WIS. STAT. § 68.09. As already noted, WIS. STAT. § 68.12(2) defines final determination in part as "a decision on review under [§] 68.09 following such hearing." And § 68.09(5) defines a "Decision on Review" as follows:
DECISION ON REVIEW. The municipal authority may affirm, reverse or modify the initial determination and shall mail or deliver to the person aggrieved a copy of the municipal authority's decision on review , which shall state the reasons for such decision. The decision shall advise the person aggrieved of the right to appeal the decision, the time within which the appeal shall be taken and the office or person with whom notice of appeal shall be filed.
Id. (emphasis added).
¶ 31 Putting this all together, the written "decision on review" when proceeding under WIS. STAT. § 68.09 constitutes a "final determination" per WIS. STAT. § 68.12. And WIS. STAT. § 68.13(1) tells us that judicial review must be sought "within 30 days of receipt of the final determination." (Emphasis added.) Accordingly, the thirty days would have started to run in this case when Zelman received a written decision on review following her hearing-a decision that the Town was required to mail or otherwise deliver to her.
*698 ¶ 32 There is one problem. Nowhere does the record suggest that Zelman ever received via mail or other kind of delivery a written decision on review meeting the requirements of WIS. STAT. § 68.09(5). The Majority carefully and narrowly decides that Zelman did not receive a decision on review until, at the earliest, when she personally procured the CUP from the register of deeds, while withholding judgment regarding whether even that constitutes a decision on review. I agree, at least based on the record before us. Indeed, it is not clear the thirty-day limit has even begun at all. At the very least, the record provides insufficient evidence that Zelman received a final determination more than thirty days prior to filing her amended complaint. Therefore, the circuit court erroneously granted summary judgment to the Respondents.

Wisconsin Stat. § 68.06 defines the term broadly to include any person "whose rights, duties or privileges are adversely affected by a determination of a municipal authority."